NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1546

JAMES X. BORMES, individually
and on behalf of all others similarly situated,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States District Court for the Northern District of Illinois in case no. 08-CV-7409, Judge Charles R. Norgle, Sr.

ON MOTION

Before NEWMAN, FRIEDMAN, and LOURIE, Circuit Judges.

FRIEDMAN, Circuit Judge.

## ORDER

The United States has moved to transfer this case to the United States Court of Appeals for the Seventh Circuit, on the ground that it, and not this court, has jurisdiction over this appeal. We conclude, however, that this court has jurisdiction, and therefore deny the transfer motion.

I

The appellant James X. Bormes, "individually and on behalf of all others similarly situated," filed this suit in the United States District Court for the Northern District of Illinois seeking statutory damages from the United States for its alleged violation of the Fair Credit Reporting Act ("Reporting Act"), 15 U.S.C. § 1681 et seq. He contends that the United States violated that Act by including credit card expiration dates on

confirmation pages for payment of court filing fees through the government's www.pay.gov system. On the government's motion, the district court dismissed the complaint because, in the Reporting Act, the United States did not waive its sovereign immunity from such a suit.

Bormes appealed the dismissal to this court. The government moved to transfer the case to the Court of Appeals for the Seventh Circuit.

II

Under 28 U.S.C. § 1295(a)(2), this court has exclusive jurisdiction "of an appeal from a final decision of a district court of the United States . . . if the jurisdiction of that court was based, in whole or in part, on section 1346 of this title." Section 1346 tracks the Tucker Act, which defines the jurisdiction of the Court of Federal Claims. 28 U.S.C. § 1491(a)(1). Known as the Little Tucker Act, § 1346 gives the district courts jurisdiction, concurrent with the Court of Federal Claims, of "any other [than tax refund] civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon any Act of Congress." Bormes' complaint invoked the district court's jurisdiction under the Little Tucker Act.

The Reporting Act states that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount [not exceeding actual damages of $1,000 plus punitive damages and attorney's fees]." 15 U.S.C. § 1681n(a). The jurisdictional provision of that Act governing suits for violation provides in part:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction.

15 U.S.C. § 1681p.

On their face, these provisions appear to give this court jurisdiction over this appeal. The jurisdiction of the district court was founded upon an Act of Congress. The Reporting Act authorizes suits "in any appropriate" district court ("without regard to the amount in controversy") "or in any other court of competent jurisdiction" "to enforce any liability created under this subchapter." The complaint alleges a monetary claim against the United States for the government's alleged violation of that Act.

The government points to the statement in Blueport Co. v. United States, 533 F.3d 1374 (Fed. Cir. 2008), that the Court of Federal Claims "lacks jurisdiction to adjudicate claims created by statutes . . . which specifically authorize jurisdiction in the district courts." 533 F.3d at 1384. It contends that the Reporting Act is such a statute; that under Blueport the Court of Federal Claims would not have had jurisdiction over this case; that because of the parallellism of the Main and Little Tucker Acts, the district court's jurisdiction over this case did not rest on the Little Tucker Act; and that this court therefore does not have jurisdiction over the appeal from the district court's judgment.

The conclusion, however, does not follow from the premises. If this suit had been brought in the Court of Federal Claims, any appeal in that case, including a challenge to that court's dismissal of the case on the same ground the district court gave, would have been to this court, not to the Seventh Circuit. 28 U.S.C. § 1295(a)(3); Blueport, 533 F.3d at 1378. It would seem anomalous if we would have jurisdiction over an appeal from the dismissal of such suit brought in the Court of Federal Claims, but the Seventh Circuit would have jurisdiction over an appeal from the dismissal of an identical suit brought in the district court. Indeed, even if the Court of Federal Claims would not

have had jurisdiction over this suit, it does not necessarily follow that this court would lack jurisdiction over the appeal from the district court's dismissal of this suit.

Blueport was an appeal to this court from an order of the Court of Federal Claims dismissing a copyright infringement suit against the United States because the government had not waived its sovereign immunity. The Blueport statement upon which the government relies relates to the jurisdiction of the Court of Federal Claims, and there was no question that this court had jurisdiction to review that court's decision. The question in the present case, however, is whether this court has jurisdiction to review the district court's decision—an issue Blueport did not address.

Moreover, even under the Blueport standard quoted above, it is unclear whether the Court of Federal Claims would have had jurisdiction over this suit. The Reporting Act gives jurisdiction over suits thereunder not only to "any appropriate district court" but also to "any other court of competent jurisdiction." Would the Court of Federal Claims be such a court?

The Supreme Court has viewed similar phraseology in a different statute—"Any action under this section may be brought in any United States district court or in any other court of competent jurisdiction"—as "provid[ing] for concurrent federal-court and state-court jurisdiction over civil liability suits." Bank One Chicago N.A. v. Midwest Bank & Trust Co., 516 U.S. 264, 268, 275 (1996). The Court did not state, however, that federal courts other than the district courts would not also have concurrent jurisdiction over such cases. It may be, however, that because the district courts have jurisdiction under the Reporting Act "without regard to the amount in controversy," there was no

occasion to give concurrent jurisdiction to the Court of Federal Claims over cases in which the amount in controversy exceeds the $10,000 limitation in the Little Tucker Act.

The issue is close but on balance we conclude that this court has jurisdiction over this appeal.

The motion to transfer this case to the Court of Appeals for the Seventh Circuit is DENIED. The United States' brief is due within 40 days of the date of filing of this order.

FOR THE COURT

JAN 27 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:   John G. Jacobs, Esq.
      Henry C. Whitaker, Esq.

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

JAN 2 7 2010

**JAN HORBALY**
**CLERK**

2009-1546                                  5